# SETTLEMENT AGREEMENT AND
# FULL AND FINAL RELEASE OF ALL CLAIMS

1.  This Agreement covers all understandings between Patricia Elliott (hereinafter referred to as "Former Employee") and Ocean Reef Club, Inc. (hereinafter referred to as "Former Employer" a term which includes each and every officer, director, employee, agent, parent corporation(s) or subsidiary, affiliate and division, their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2.  For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Former Employee agrees as follows:

    A.  To settle any and all claims and actions of any nature whatsoever between Former Employee and Former Employer and release and forever discharge Former Employer of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Former Employee's previous employment or any separation of employment with Former Employer, including without limitation any claims which were asserted or could have been asserted in the lawsuit styled <u>Elliott v. Ocean Reef Club, Inc.</u>, Case No.07-21123-CIV-Lenard/Torres, pending in the Southern District of Florida, and claims asserted in the charge of discrimination submitted to the Florida Commission on Human Relations on or about December 27, 2007, alleging race discrimination, sex discrimination, and retaliation (no number yet assigned), or any other claims arising from any alleged violation of any and all federal, state, or local laws, including the Equal Pay Act; the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; the Civil Rights Act of 1866; the Employee Retirement Income Security Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Americans With Disabilities Act of 1990; the Family and Medical Leave Act; the Fair Labor Standards Act; the Florida Civil Rights law(s), any and all claims for breach of contract, breach of the covenant of good faith and fair dealing; infliction of emotional distress; wrongful discharge; violation of public policy; defamation; libel; invasion of privacy; claims for unpaid wages; or any other tort; workers' compensation retaliation claims, and any and all common law claims, from the beginning of the world to the effective date of this Agreement.

    B.  As of the date Former Employee signs this Agreement, she acknowledges that she has not filed any other charges, complaints, or lawsuits over any other claim(s) other than those referred to in Paragraph 2.A above. Former Employee acknowledges and agrees that this Settlement includes a withdrawal of the charge of discrimination pending before the Florida Commission on Human Relations. Former Employee also acknowledges her understanding that she is not foreclosed from filing an agency charge; however, should any such charge or action be filed by or on behalf of Former Employee involving matters covered

_____
Former Employee's Initials



EXHIBIT
1

by this Agreement, Former Employee agrees to promptly give the agency or court having jurisdiction a copy of this Agreement and inform them that any individual claims Former Employee might otherwise have had are now settled. Former Employee agrees not to file any lawsuit at any time over any claims released in this Agreement and agrees to notify Former Employer immediately if she should do so before the Effective Date of this Agreement; provided, however, that this Agreement does not prevent Former Employee from filing a lawsuit challenging whether this Agreement is itself legal. Should Former Employee file such a suit and lose, Former Employee understands that she will be personally liable for any of her own legal fees and costs.

C. The parties will execute and cause to be promptly filed with the Court a stipulation for dismissal with prejudice of the above pending lawsuit with each party to bear their own fees and costs. Former Employer will transmit the settlement funds to Employee's attorney within ~~fifteen (15)~~ days of the Effective Date of this Agreement (see Paragraph 7 below). five (5)

D. The parties agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Former Employer of any violation of any federal, state, or local statute or regulation, or any violation of any of Former Employee's rights or of any duty owed by Former Employer to Former Employee.

E. Former Employee agrees not to disparage the Former Employer and to refrain from making any negative or derogatory statements concerning Former Employer.

F. Former Employee agrees to waive her right to future employment with Former Employer and not to reapply for employment with Former Employer or with any other entity within the Ocean Reef Community.

G. Former Employee agrees not to disclose the contents of this Agreement to anyone except her spouse (if any), the attorneys representing Former Employee in this matter, her tax advisors, as may be necessary under Paragraph 2.B. Former Employee agrees that Former Employer shall be entitled to liquidated damages in the amount of Five Thousand and 00/100 Dollars ($5,000) in addition to any other legal or equitable remedies, in the event that Former Employee breaches this provision. The payment by Former Employee of liquidated damages pursuant to this paragraph does not release Former Employee from the promises she has made in this Agreement.

H. That the below-referenced amount paid by Former Employer represents a sum to which Former Employee would not be entitled absent this Agreement.

I. That Former Employee is solely and entirely responsible for the payment of any and all federal taxes, social security taxes, state taxes and/or local taxes, if any, which

2

_____
Former Employee's Initials

may be found to be due on the amount paid hereunder, to indemnify and hold Former Employer harmless against any claim for such taxes or related penalties or interest, and attorneys fees and costs expended by Former Employer in any action against Former Employee necessary for indemnification of such taxes, penalties, or interest. Former Employee acknowledges that Former Employer has made no representation regarding the taxability of the settlement funds, penalties or interest.

3. For and in consideration for the promises made by Former Employee in Paragraph 2 of this Agreement, Former Employer agrees to pay Former Employee the total sum of Fourteen Thousand and 00/100 Dollars ($14,000.00). The check in full settlement will be made payable to the Trust Account of Lawrence J. McGuiness. Former Employer will issue McGuiness a 1099-B Form under FEI No. _65-0573664_ for calendar year 2008 and will send the same to Suite 145, 5805 Blue Lagoon Drive, Miami, Florida 33126. The settlement will be paid within ten (10) days after the following actions occur: a) the Court dismisses the lawsuit with prejudice; b) Former Employee notifies the Florida Commission on Human Relations that she has withdrawn her charge of discrimination; and c) the revocation period set forth below has expired.

4. In the event that either party commences an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action. This Agreement shall be governed by Florida law.

5. This Agreement supersedes all prior agreements and understandings between the parties. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Former Employee and an authorized representative of Former Employer.

6. **Time to Consider. In signing this Agreement, Former Employee agrees and certifies that: (a) she has carefully read and fully understand the provisions of this Agreement; (b) Former Employer has, by this Agreement, advised Former Employee to consult with an attorney of her choice before signing this Agreement, and she has had an opportunity to do so; (c) Former Employee has been allowed a reasonable period of time after receiving this Agreement (up to 21 days) in which to consider this Agreement before signing; and, (d) Former Employee agrees to the terms of this Agreement knowingly, voluntarily and without intimidation, coercion or pressure, and intends to be legally bound by the Agreement.**

7. **Right of Revocation; Effective Date.** Former Employee may revoke this Agreement within seven (7) calendar days after she signs it. If Former Employee revokes it during that period, it will be null and void, and Former Employee will not be entitled to the benefits of Paragraph 2 of the Agreement. To revoke, Former Employee must ensure that

3

_____
Former Employee's Initials

written notice of revocation is delivered to Suzanne K. Bogdan, Fisher & Phillips LLP, 450 East Las Olas Blvd., Suite 800, Fort Lauderdale, Florida 33301, by no later than 5:00 p.m. on the seventh calendar day after Former Employee signs the Agreement. If Former Employee does not revoke this Agreement, the Effective Date of the Agreement shall be the day after the seven day revocation period has expired.

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A COMPLETE RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

IN WITNESS WHEREOF, the parties hereby agree to the terms of this Agreement:

_____          1/10/07
Patricia Elliott                                              Date

_____          01/18/08
Mark Kirkendall, Executive Director of Human Resources          Date
Ocean Reef Club, Inc.

4